WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie A Kent-Matta, | No. CV-19-00710-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Citigroup Incorporated, | |
| Defendant. | |

Before this Court is Plaintiff's Fourth Application to Proceed in District Court without Prepaying Fees or Costs, otherwise known as a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 12). The Court denied Plaintiff's First, Second, and Third IFP Applications because they were incomplete. (Docs. 7, 9, 11). In Plaintiff's Fourth IFP Application she provides that her average monthly expenses are $1,640.00 and that she has no source of monthly, instead she is "living off the generosity of her parents." (Doc. 12). Thus, Plaintiff's monthly expenses exceed her monthly income; therefore, the Court will grant Plaintiff's Fourth IFP Application and will proceed to screen Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2).

**I.      Legal Standards**

The determination that Plaintiff may proceed IFP does not end the inquiry under 28 U.S.C. § 1915. When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

> (i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1] In conducting such a review, "[i]t is . . . clear that section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints . . ."); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Automotive Group, Inc.*, 2013 WL 97767, at *2 n.1 (D. Idaho Jan. 8, 2013).

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S., at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S., at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557.

## II. Statutory Screening

In her Complaint, Plaintiff alleges that her employer, Defendant Citygroup "acted in bad faith, grossly negligent, and with malice when it failed to warn [Plaintiff] of the fictitious nature of a romantic relationship with a Richard T. Matta, assumed deceased, who was introduced to [Plaintiff] at Citi for the purpose of initiating a fraudulent martial relationship." (Doc. 1 at 1). Plaintiff further alleges that Citygroup breached her employment contract's duty of care "when it failed to warn [Plaintiff] of the fraudulent nature of her martial relationship." (*Id.*) The Court finds that Plaintiff's allegations fail to state a claim for relief against Defendant. Plaintiff must state factual allegations and explain how those allegations establish a violation of a relevant legal authority. In short, Plaintiff must show she is entitled to relief against Defendant. She has not done so here. Moreover, Plaintiff does not adequately state how this Court has jurisdiction over this matter, and whether venue is proper. For these reasons, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will therefore dismiss Plaintiff's Complaint with leave to amend.

## III. Leave to Amend

In accordance with the well-settled law in this Circuit, however, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give him the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can

1 | correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be
2 | "freely" given "when justice so requires . . . ").

Plaintiff's complaint must be amended to address the deficiencies identified above. Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).[3]

Within **thirty (30) days** from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

Plaintiff should also be aware that "an amended complaint supercedes the original complaint and renders it without legal effect . . . ." *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*). Thus, after amendment, the Court will treat an original complaint as nonexistent. *Id.* at 925.

**IV.    Warning**

Plaintiff is advised that if she elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

---

[3] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is advised of the Free Self-Service Clinic at the Phoenix courthouse. For information, visit the Court's internet site at: www.azd.uscourts.gov. Proceed to the box entitled *Information for Those Proceeding Without an Attorney* and then the link entitled *Federal Court Self-Service Center Phoenix*.

Accordingly,

**IT IS ORDERED** that Plaintiff's Fourth Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 12) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed** with leave to file a First Amended Complaint within **thirty (30) days** of the date this Order is entered;

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint within **thirty (30) days** of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court;

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 28th day of February, 2019.

Honorable Diane J. Humetewa
United States District Judge